[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution action went to judgment on March 3, 2000. At that time, the defendant had pending two lawsuits and the judgment of the court provided as follows:
 "There are currently pending two (2) lawsuits initiated on behalf of the Defendant by the Law Offices of Suisman, Shapiro, Wool, Brennan, Gray Greenberg, P.C. described as a personal injury lawsuit and a Workers' Compensation lawsuit. Any and all monies received in connection with said law suits shall be held in escrow by Suisman, Shapiro, Wool, Brennan, Gray Greenberg, P.C. and they shall notify Plaintiff's counsel of any monies received. Upon said notice, the issue of a division of said monies by way of a property settlement and/or alimony, as well as child support, shall be reviewed and resolved by agreement of the parties or by decision of this court . . .
"The court retains jurisdiction in order to resolve the issue of the division of said monies.
The following additional facts have since been stipulated by the parties.
 (1) The personal injury suit brought by Defendant did CT Page 14999 not include consideration for lost wages.
 (2) The criteria relevant to the division of the proceeds include the parties' financial condition at the time of the dissolution and Plaintiff Wife's counsel reserves the right to bring to the court's attention certain statutory criteria.
 (3) Defendant's counsel may argue that Defendant has outstanding legal fees of $5,000 for the dissolution matter, for this pending post-judgment matter and for defense of a "driving while intoxicated" charge.
 (4) The issue of modification of Defendant's support obligation shall be reserved for Support Enforcement Services."
The proceeds of these settlements netted the defendant $37,065.11. After the dissolution, the court ordered paid child support arrearages of $15,203.60, which were ultimately paid to the plaintiff from the proceeds of these settlements. Plaintiff is requesting 58% of the $37,065.11 or approximately $21,862.00, which sum represents substantially all of the balance left from the proceeds of those settlements after the payment of the child support arrearage as indicated.
The defendant is asserting that "the defendant is to receive full credit for the $15,203.60 previously paid to the plaintiff" by way of child support and the defendant seeks the remaining balance of $21,861.51 and $5,000.00 should be a contribution toward the defendant's counsel fees.
Both parties have incurred fees not only in connection with the dissolution but post-dissolution matters including the resolution of the issue now before the court.
Both parties agree that the court has jurisdiction under the authority of Lopiano v. Lopiano, 247 Conn. 363 (1998) and Costa v. Costa,57 Conn. App. 165 (2000) to apportion these awards. (See Plaintiff's memorandum of May 21, 2001 and Defendant's of July 23, 2001.) Neither is arguing that any portion of the awards be allocated to support although the judgment of March 3, 2000 provided that as an option. The defendant of course is arguing that the payment to the plaintiff of his past due support obligation should be charged to the plaintiff in any allocation of the proceeds. CT Page 15000
Considering the statutory criteria of General Statutes § 46b-81, including the parties' respective earning capacities, the sum of their assets and liabilities and the length of the parties' marriage, as well as the other statutory criteria, the court finds that an award of forty percent of the total net proceeds of $37,065.11 to the plaintiff is fair and reasonable. This results in an award to her of $14,826.04. Said sum should be paid to her forthwith (without credit for the child support previously paid) plus forty percent of any interest which has accrued on the settlement proceeds escrowed pursuant to the judgment.
Each party shall be responsible for and pay their own legal fees.
Orders should enter supplementing the judgment of March 3, 2000 in accordance with this memorandum.
McLachlan, J.